Stafford
v.
Rice.

---

STAFFORD and others *against* RICE.

ASSUMPSIT, tried at the Washington Circuit, June 16, 1825, before DUER, Circuit Judge.

The plaintiffs, on the trial, produced in evidence, a promissory note, made by the defendant, to Samuel Topliff, or bearer, dated 16th February, 1820, for $44 99, payable six months after date, the execution of which was admitted.

The defendant then called Samuel Topliff as a witness, who was objected to by the plaintiffs' counsel, and rejected by the Judge.

The defendant then offered to prove by Topliff, that at

One whose name appears upon negotiable paper may, notwithstanding, be a witness to prove that it was void in its inception, for usury, or other cause. *Winton* v. *Saidler*, (3 John. Cas. 185,) contra, is not law.

Stafford
v.
Rice.

the time the note was given, he, the witness, had no intei est in it; but took it for the benefit, and on the behalf of the plaintiffs ; and immediately aferwards transferred and delivered it to the plaintiffs, and advised them of all the facts relative to the making of the note, and upon what consideration it was made. This evidence was also objected to by the plaintiffs' counsel, and rejected by the Judge. The jury found a verdict for the plaintiffs, for $60 64.

*S. Stevens,* for the defendant, now moved for a new trial. He contended, that though the payee might not be a competent witness for the endorsee, or the one to whom he had transferred the note by delivery, yet he was clearly a competent witness for the maker. His interest, if he has any, is against the party calling him. In the case before the Court, he could have been received to testify for either party, being in fact a mere conduit, or agent, through whom the note passed to the plaintiffs. He was equally indifferent with any third person. The only ground of objection must rest upon the rule, *quod nemo allegans suam turpitudinem est audiendus.* (17 John. Rep. 176.) But the facts offered in evidence were such as to disprove any *turpitude* on the part of the witness ; and, if any existed, to fix it on the plaintiffs. In *Tuthill* v. *Davis,* (20 John. Rep. 285,) the Court seem even to question, whether *Winton* v. *Saidler,* (3 John. Cas. 185,) upon the authority of which the maxim cited was applied to endorsers and others, whose names appear upon negotiable paper, is to be considered as law. But it is enough that nothing immoral or illegal was offered in proof. The witness was certainly competent to prove any thing else.

*Jacob Lansing,* contra. The offer of proof by the payee was general, and indefinite ; and had he been received to testify, would have reached the fact of usury ; or any other illegal consideration. The cases have not gone so far, as to allow one, whose name appears upon negotiable paper, to impeach it by proof of any fact which may render it void *ab origine.* He must be confined in his testimony to such matter, as arose subsequently to the giving of the note, by

which it is discharged; as payment, release, &c. The plaintiffs rely on the case of *Winton* v. *Saidler;* and it was upon the authority of that case that the Judge excluded Topliff.

WOODWORTH, J. *Winton* v. *Saidler* is not law. It is now several years since that case has been acted upon; and in *Powell* v. *Powers* it was directly overruled.

SUTHERLAND, J. Under the latter decisions, a witness, whose name appears upon negotiable paper, may be received to prove usury in its inception.

SAVAGE, Ch. J. *Winton* v. *Saidler* has been repeatedly overruled, and can no longer be considered as law.

*Lansing* agreed, that if that case was not law, there must be a new trial; and,

*Per totam Curiam.*

New trial granted.